# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

BARBARA CURANT, )
)
        Plaintiff, )
)
v. ) Case No. CIV-10-396-D
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
)
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff, Ms. Barbara Curant, seeks judicial review of a denial of disability insurance benefits (DIB) and supplemental security income benefits (SSI) by the Social Security Administration. This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that the Commissioner's decision be affirmed.

I. **Procedural Background**

Ms. Curant protectively filed her applications for DIB and SSI on March 14, 2007, alleging a disability onset date of January 1, 1995. The Social Security Administration denied her application initially and on reconsideration. At the subsequent administration hearing, Ms. Curant amended her disability onset date to January 18, 2008. Following the hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. *See* Administrative Record [Doc. #] (AR) at 108-119. The Appeals Council denied Ms. Curant's request for review. AR 1-5. This appeal followed.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. The ALJ first determined that Ms. Curant had not engaged in substantial gainful activity since the alleged onset date as amended at the administrative hearing. AR 110. At step two, the ALJ determined that Ms. Curant has the following severe impairments: diabetes mellitus, degenerative disc disease of the cervical and lumbar spine, carpal tunnel syndrome, history of depression and borderline intellectual functioning. AR 110. At step three, the ALJ found that Ms. Curant's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 111.

> The ALJ next determined Ms. Curant's residual functional capacity (RFC):
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.0567(b) and 416.967(b) except for no more than occasional stooping or bending and cannot constantly but only frequently use the hands for such repetitive tasks as keyboarding.

AR 112. At step four, the ALJ concluded that Ms. Curant is unable to perform her past relevant work as nurse aide, home health aide and housekeeper. AR 117. At step five, the ALJ concluded that there are jobs existing in significant numbers in the national economy that Ms. Curant could perform, including food service worker and production inspector. AR 118.

## III. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## IV. Issues Raised on Appeal

Ms. Curant contends that the ALJ erred in failing to give the proper weight to the opinion of a treating physician, in failing to properly consider the effects of obesity combined with Ms. Curant's severe impairments, and in failing to include or consider limitations which might be caused by Ms. Curant's borderline intellectual functioning.

3

## V. Analysis

### A. Opinion of the Treating Physician

Ms. Curant contends that the ALJ erred in giving "little weight" to the opinion of her treating physician, Dr. Frank L. Hubbard. In a letter dated November 5, 2008, Dr. Hubbard wrote:

> Ms. Curant has multiple medical conditions. She has multiple spurs, disc herniations, and bulges in her cervical spine which limits range of motion in her neck and causes headaches. She is in need of carpal tunnel release in both wrists, neck surgery, and lower back surgery. Ms. Curant has nerve damage in her left arm, low back pain with sciatic nerve damage, and neuropathy in both feet. She has trouble standing or walking longer than 5-10 minutes at a time. It is also hard for her to sit for an extended period of time.

AR 573.

The process an ALJ must follow in weighing a treating physician's opinion is clear: the ALJ "must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is 'no,' then the inquiry at this stage is complete." *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004). But if the answer to the first inquiry is yes, then the ALJ must "confirm that the opinion is consistent with other substantial evidence in the record." *Id.* (quotation omitted). Even if a treating physician's opinion is not entitled to controlling weight, it is still entitled to deference and must be weighed using the relevant factors. *See id.* The factors include the length, frequency, nature, and extent of the treating relationship; the extent to which the opinion is supported by relevant evidence, particularly medical signs and laboratory findings; the extent to which the opinion is consistent with the record as a whole; the doctor's

specialization; and other factors tending to support or contradict the opinion. See 20 C.F.R. § § 404.1527(d) and 416.927(d). Ultimately, the ALJ's decision must contain "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), 1215 (quotation omitted).

In this case, the ALJ specifically stated that he was affording Dr. Hubbard's opinion "little weight" because the opinion is inconsistent with Dr. Hubbard's own treating notes and medical records from other physicians. AR 117. The ALJ found that "[t]he course of treatment pursued by the doctors has not been consistent with what one would expect if the claimant were truly disabled[.]" AR 117. Although Dr. Hubbard stated that Ms. Curant needed multiple surgeries including neck surgery, back surgery and carpal tunnel release, the record does not indicate that any such surgeries have been prescribed or performed.

Moreover, on January 10, 2008, Ms. Currant reported that Lyrica was "working very well." Dr. Hubbard noted normal range of motion and gait. Ms. Curant had no motor or sensory deficits. Although she was prescribed Lortab for back pain, she reported no joint pain or stiffness and no carpal tunnel symptoms. AR 561-563. On March 12, 2008, Ms. Curant reported generalized pain throughout her body and stated that her right arm was going numb. On examination, Dr. Hubbard found no neurological abnormalities. Her prescriptions were refilled. AR 556-558. On July 16, 2008, Ms. Curant reported pain radiating into both hips. Dr. Hubbard again reported no neurological abnormalities. AR 552-554. The ALJ

5

noted that the medical records do not support Ms. Curant's allegations of side effects from her medication. AR 116.

The ALJ properly considered Dr. Hubbard's opinion in light of the medical records as a whole, and the weight afforded the opinion is well supported.

**B.** **<u>Obesity</u>**

Ms. Curant contends that the ALJ erred in failing to specifically consider the effects of her obesity in combination with her other impairments.

Social Security Ruling (SSR) 02-1p requires an ALJ to consider the effects of obesity when assessing RFC, including the fact that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1p, 2000 WL 628049, at *1 (Sept. 12, 2002). Thus, an ALJ may "not make assumptions about the severity or functional effects of obesity combined with other impairments," but rather, must "evaluate each case based on the information in the case record." *Id.* at *6.

In this case, Ms. Curant points to no medical evidence to support her conclusory statement that the limitations caused by her severe impairments are exacerbated by her obesity. None of Ms. Curant's physicians indicated that obesity was a factor in regard to exertional, postural, or social functions. Ms. Curant did not testify that her weight contributed to her inability to engage in activities in any way. In fact, Ms. Curant's height and weight were recorded in the report of Dr. Ashley Noel Gourd who performed a consultative physical examination on May 25, 2007. At that time, Ms. Curant's weight was

recorded at 198, and at a height of 5'6", Ms. Curant's body mass index (BMI) was 32. *See* Plaintiff's Opening Brief at 5 (calculating BMI). The regulations classify a BMI of 30-35 as Level I obesity. *See* SSR 02-1p, 2000 WL 628049. Despite the Level I obesity, Ms. Curant was able to move all extremities well, her range of motion was within normal limits, and she was able to manipulate paper clips without difficulty. Dr. Gourd stated that despite her low back pain, Ms. Curant experienced only mild range of motion deficits, and her strength and sensation were intact. Dr. Gourd also stated that only minimal functional deficits had been identified during the examination. AR 451-452.

Because there is no evidence in the record regarding any limiting effects to which obesity was a contribution factor, the ALJ did not err in failing to identify obesity as a severe impairment. *See Briggs v. Astrue*, 221 Fed. Appx. 767, 770-771 (10th Cir. Apr. 9, 2007) (unpublished op.). Further, the ALJ did not ignore, but rather properly considered the findings of Dr. Gourd in determining Ms. Curant's residual functional capacity.

### C. <u>Borderline Intellectual Functioning</u>

At step two of the sequential evaluation, the ALJ listed "borderline intellectual functioning" as one of Ms. Curant's severe impairments. Ms. Curant contends that the ALJ erred in failing to specify any limitations Ms. Curant would have because of her borderline intellectual functioning. According to Ms. Curant, "[i]t is common for ALJ's in these circumstances to find that a Claimant should be limited to only simple tasks, avoid detailed instructions or complex tasks and avoid direct contact with the public." Plaintiff's Opening Brief at 7.

The ALJ's inclusion of borderline intellectual functioning as a "severe impairment" at step two indicates only that the ALJ found Ms. Curant to have met step two's "threshold showing" of an impairment. *See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir.1988). The step-two threshold "is a 'de minimus' showing." *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005).

In this case, the record includes a report of Robert S. Schlottmann. Ph.D., who conducted a consultative psychological examination and assessed Ms. Curant with borderline intellectual functioning. AR 114. The ALJ also noted, however, that Dr. Schlottmann's assessment was an approximation (AR 114), and the record does not contain evidence of a verbal, performance, or full scale IQ score. According to Ms. Curant's report to Dr. Schlottmann, as further noted by the ALJ, Ms. Curant had earned A's and B's in high school and had never been assigned to any special education classes. AR 114. The ALJ thoroughly considered Ms. Curant's alleged mental limitations in determining that the limitations did not meet or equal a listed impairment. AR 111-112. Moreover, in his second hypothetical to the VE, the ALJ asked the impact on available jobs if, in addition to physical limitations, the hypothetical individual would be limited to simple repetitive tasks and only incidental contact with the public. AR 138. The VE stated that the number of available jobs for the first occupation, food service worker, would be reduced by 50%, but that the number of available jobs for the second occupation, light production inspector, would remain intact. Ms. Curant does not contend that the ALJ identified an insufficient number of available jobs existing in the national economy, nor does it appear that the number of jobs identified is

insufficient. *See Trimiar v. Sullivan*, 966 F.2d 1140, 1144 (10th Cir. 1992). The ALJ's RFC determination is supported by substantial evidence on the record.

The ALJ applied the correct legal standards, and the resulting decision is supported by sufficient evidence in the record. It is therefore recommended that the final decision of the Commissioner be affirmed.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should be filed with the Clerk of the District Court by March 3rd, 2011. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 10th day of February, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE